## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ASHA SMITH, individually and on )
behalf of all others similarly situated, )
                                )
           Plaintiff, )
                                )
v.                            )
                                )
UNIVERSITY OF )
PENNSYLVANIA, )
                                )
           Defendant. )
                                )

CASE NO. 2:20-CV-2086

COMPLAINT – CLASS ACTION

## **COMPLAINT – CLASS ACTION**

Plaintiff Asha Smith ("Plaintiff") by and through undersigned counsel, brings this action

against University of Pennsylvania ("Defendant" or the "University") on behalf of herself and all

others similarly situated, and makes the following allegations based upon information, attorney

investigation and belief, and upon Plaintiff's own knowledge:

## **PRELIMINARY STATEMENT**

1. Plaintiff brings this case as a result of Defendant's decision to close campus,
   constructively evict students, and transition all classes to an online/remote format as a
   result of the Novel Coronavirus Disease ("COVID-19").

2. While closing campus and transitioning to online classes was the right thing for
   Defendant to do, this decision deprived Plaintiff and the other members of the Classes
   from recognizing the benefits of in-person instruction, access to campus facilities, student
   activities, and other benefits and services in exchange for which they had already paid
   fees and tuition.

1

3. Defendant has either refused to provide reimbursement for the tuition, fees, and other costs that Defendant is no longer providing, or has provided inadequate and/or arbitrary reimbursement that does not fully compensate Plaintiff and members of the Class for their loss.

4. This action seeks refunds of the amount Plaintiff and other members of the Class are owed on a pro-rata basis, together with other damages as pled herein.

## PARTIES

5. Defendant University of Pennsylvania is an institution of higher learning located in Philadelphia, Pennsylvania.

6. Upon information and belief, Defendant has an estimated endowment of approximately $14.7 Billion.[1]

7. Moreover, upon information and belief, Defendant is eligible to receive federal stimulus under the CARES Act. The Act directs that approximately 14 billion dollars be distributed to colleges and universities based upon enrollment and requires that institutions must use at least half of the funds they receive to provide emergency financial aid grants to students for expenses related to the disruption of campus operations due to COVID-19.

8. However, Defendant has refused to apply for CARES Act assistance, announcing that it is financially capable of meeting student needs without such funding:[2]

---

[1] http://www.investments.upenn.edu/about-us
[2] https://penntoday.upenn.edu/announcements/penn-will-not-apply-cares-act-funding

2

The CARES Act, which was recently passed by Congress, allows
universities to apply for emergency relief funds to offset the impacts of
the COVID-19 pandemic. Despite the serious financial impact to Penn
as a result of the pandemic, after analyzing the full scope of the
regulations involved, Penn has determined that it will not apply for nor
accept the funds that would be available through the CARES Act.

Although Penn is declining to apply for these particular federal funds,
our commitment to providing financial aid and support to students in
need is unwavering, and we will continue to do all that we can to ensure
the educational success of all Penn students.

9. Plaintiff is an individual and a resident and citizen of the state of Pennsylvania.

10. Plaintiff is currently enrolled as a full time student at the University for its Spring
Semester.

11. Plaintiff has paid substantial tuition for the Spring 2020 semester either out of pocket or
by utilizing student loan financing, or otherwise.

12. There are hundreds, if not thousands, of institutions of higher learning in this country.

13. Some institutions of higher learning provide curriculum and instruction that is offered on
a remote basis through online programming which do not provide for physical attendance
by the students.

14. Defendant's institution offers in person, hands on curriculum.

15. Plaintiff and members of the Proposed Tuition Class did not choose to attend another
institution of higher learning, or to seek an online degree, but instead chose to attend
Defendant's institution and enroll on an in-person basis.

16. Common sense would dictate that the level and quality of instruction an educator can
provide through an online format is lower than the level and quality of instruction that
can be provided in person.

3

17. Moreover, the true college experience encompasses much more than just the credit hours and degrees. The college experience consists of:

    i.    Face to face interaction with professors, mentors, and peers;

    ii.    Access to facilities such as computer labs, study rooms, laboratories, libraries, etc;

    iii.    Student governance and student unions;

    iv.    Extra-curricular activities, groups, intramurals, etc;

    v.    Student art, cultures, and other activities;

    vi.    Social development and independence;

    vii.    Hands on learning and experimentation; and

    viii.    Networking and mentorship opportunities.

18. Plaintiff's education has changed from in-person hands on learning to online instruction.

19. Plaintiff's online instruction is not commensurate with the same classes being taught in person.

20. For example, upon information and belief, not all of the University's classes are being taught in a live setting via online streaming. Rather, some professors are uploading pre-recorded lectures where students have no opportunity for interaction; and still other professors are simply uploading reading and other assignments with no video lectures at all.

21. In addition to tuition, Plaintiff was required to pay certain mandatory fees, including but not limited to a substantial "general fee" and a clinical fee.

22. As a result of most on-campus operations being reduced or eliminated, Plaintiff no longer has the benefit of the services for which these fees have been paid.

23. For example, Defendant describes the general fee as supporting "a variety of student

4

related activities, services, and spaces."[3]

24. However, a majority of these activities and services have been cancelled, and most on-campus spaces have been closed.

25. By way of example, while not an exhaustive list, the following campus services have been closed: Hospitality Services; Morris Arboretum; Off-Campus Services; Penn Bookstore; Penn Children's Center; University Ice Rink; all on campus libraries; all student activities; student centers, and generally all other activities, services, and spaces not considered "life sustaining" to the University.[4]

26. As a result of students being encouraged to return home and avoid campus, Student Health Services has reported fewer than five in-person visits per day.[5]

## JURISDICTION AND VENUE

27. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from one Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

28. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from one Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

29. This Court has personal jurisdiction over Defendant because Defendant is domiciled in

---

[3] https://srfs.upenn.edu/costs-budgeting/undergraduate-tuition-and-fees

[4] See, e.g., https://coronavirus.upenn.edu/students-families/student-faq ; https://coronavirus.upenn.edu/faculty-staff/march15-message-from-libraries ; https://coronavirus.upenn.edu/content/march-20-2020-message-penn-faculty-and-staff-regarding-university-operations.

[5] https://www.thedp.com/article/2020/04/coronavirus-campus-health-counseling-psychological-caps-services

Pennsylvania and conducts business in Pennsylvania.

30. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Defendant is an institution domiciled and doing business in this district.

## FACTUAL ALLEGATIONS

31. Upon information and belief, Defendant's Spring term began with the first day of classes on or about January 15, 2020.[6]

32. Upon information and belief, Defendant's Spring term was scheduled to conclude with the last day of examinations on or about May 12, 2020 and commencement ceremonies on May 18, 2020.[7]

33. Accordingly, Defendant's Spring semester was scheduled and contracted to consist of approximately 119 days.

34. As a result of the COVID-19 pandemic, Defendant announced that it was moving all classes online for the remainder of the semester, starting on or about March 23, 2020. Defendant asked all students living on campus to vacate their dormitories by March 17, 2020.[8]

35. Almost immediately, students began demanding refunds for the fees and charges demanded in this action.

36. As early as March 24, the students at Defendant's institution started a change.org petition, which, at the current time, has over 1300 signatures.[9]

---

[6] https://almanac.upenn.edu/penn-academic-calendar
[7] Id.
[8] https://coronavirus.upenn.edu/students/email-march-15
[9] https://www.change.org/p/amy-gutmann-upenn-petition-to-reduce-forgive-rebate-spring-2020-tuition-due-to-covid-19

37. Many of these students have detailed how the school's actions have personally affected

them:



1 month ago

Online classes is totally a different experience compared with face-to-face classes. There are many troubles which would negatively impact the learning efficiency. It should not be as expensive as classroom courses.

♡ 0                                                                                      Report

4 weeks ago

Leaving aside all kinds of indirect loss of opportunities, a lab course that I chose for some hand-on experience became a course that plays videos.
I do fully understand and support the decision to shut down campus in a state of emergency, but it is also true that we will not receive the education we paid for. I believe that a partial refund is completely reasonable and responsible.

♡ 1                                                                                      Report

2 weeks ago

We have paid for facilities that we haven't utilized and that is not fair.

♡ 0                                                                                      Report

4 weeks ago

The education of Design school heavily relies on facilities. Since we don't have access to that now, I think we should get tuition reduce.

♡ 0                                                                                      Report

1 month ago

Considering that I cannot use the school's library , gym, or any other facilities anymore, I do believe the rebate is fair.

♡ 0                                                                                      Report

38. Although Defendant is still offering some level of academic instruction via online

classes, Plaintiffs and members of the proposed Tuition Class have been and will be

deprived of the benefits of on campus learning as set forth more fully above.

39. Moreover, the value of any degree issued on the basis of online or pass/fail classes will be diminished for the rest of their lives.

40. However, Defendant has refused and continues to refuse to offer any pro-rated tuition discounts or refunds for the Spring Semester.

41. Moreover, Plaintiffs and members of the proposed Class have been and will be deprived of utilizing services for which they have already paid, such as access to campus facilities, and other opportunities.

42. The University's President admitted in a message to students on March 17, 2020 that Defendant is no longer providing many of the services for which Plaintiff and the members of the Class contracted.  The University also acknowledged that its students have suffered losses as a result:[10]

> March 17, 2020 · **A Personal Message from Amy Gutmann**
>
> - To each and every one of our students—Penn undergraduate, graduate, professional, and nontraditional students—I know you are deeply concerned and uncertain about what comes next, and I share those feelings with you. You have goals and dreams left undone, plays not being performed, games and meets not taking place, research interrupted, spontaneous late-night conversations not occurring, and a thousand other losses both large and small that we all mourn. It hurts to have so much changed so quickly.

43. However, Defendant has failed and continues to fail to do the right thing and issue appropriate refunds, as required by law and equity.

## CLASS ACTION ALLEGATION

44. Plaintiff brings this action on behalf of herself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following

---

[10] https://coronavirus.upenn.edu/content/march-17-personal-message-amy-gutmann

Classes:

### The Tuition Class:

All people who paid tuition for or on behalf of students enrolled in classes at the University for the Spring 2020 semester who paid for but were denied live in-person instruction and forced to use online distance learning platforms for the latter portion of that semester.

### The Fees Class:

All people who paid fees for or on behalf of students enrolled in classes at the University for the Spring 2020 semester.

45. Excluded from the Classes are The Board of Trustees of Pennsylvania University (or other similar governing body) and any of their respective members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; and the judicial officers, and their immediate family members, and Court staff assigned to this case. Plaintiffs reserve the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

46. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

47. This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

## Numerosity: Fed. R. Civ. P. 23(a)(1)

48. The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. Plaintiff is informed and believes there are thousands of members of the Class, the precise number being unknown to Plaintiff, but

9

such number being ascertainable from Defendant's records. Upon information and belief, Defendant's current enrollment is approximately 24,000 students. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

## Commonality and Predominance: Fed. R. Civ. P. 23(a)(2)

49. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

   ix.   Whether Defendant engaged in the conduct alleged herein;

   x.    Whether there is a difference in value between online distance learning and live in-person instruction;

   xi.   Whether Defendant breached its contracts with Plaintiff and the other members of the Tuition Class by retaining the portion of their tuition representing the difference between the value of online distance learning and live in-person instruction;

   xii.  Whether Defendant was unjustly enriched by retaining tuition payments of Plaintiff and the Tuition Class representing the difference between the value of online distance learning and live in-person instruction;

   xiii. Whether Defendant breached its contracts with Plaintiff and the other members of the Fees Class by retaining fees without providing the services the fees were intended to cover;

   xiv.  Whether Defendant was unjustly enriched by retaining fees of Plaintiff and the other members of the Fees Class without providing the services the fees were

10

intended to cover;

xv.     Whether certification of any or all of the classes proposed herein is appropriate under Fed. R. Civ. P. 23;

xvi.    Whether Class members are entitled to declaratory, equitable, or injunctive relief, and/or other relief; and

xvii.   The amount and nature of relief to be awarded to Plaintiff and the other Class members.

## Typicality: Fed. R. Civ. P. 23(a)(3)

50. Plaintiff's claim is typical of the other Class member's claims because, among other things, all Class members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.

## Adequacy: Fed. R. Civ. P. 23(a)(4)

51. Plaintiff is an adequate Class representative because her interests do not conflict with the interests of other members of the Class she seeks to represent.  Plaintiff has retained counsel competent and experienced in complex litigation; and Plaintiff intends to prosecute the action vigorously.  The Class's interests will be fairly and adequately protected by Plaintiff and her counsel.

## Superiority: Fed. R. Civ. P. 23(b)(3)

52. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered by Plaintiff and other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against

Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct.

53. Even if Class members could afford individual litigation, the Court system likely could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, comprehensive supervision by a single court, and finality of the litigation.

## Certification of Specific Issues: Fed. R. Civ. P. 23(c)(4)

54. To the extent that a Class does not meet the requirements of Rules 23(b)(2) or (b)(3), Plaintiff seeks the certification of issues that will drive the litigation toward resolution.

## Declaratory and Injunctive Relief: Fed. R. Civ. P. 23(b)(2)

55. The University has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described herein, with respect to the Class members as a whole.

### FOR A FIRST COLLECTIVE CAUSE OF ACTION
### BREACH OF CONTRACT
### (Plaintiff and Other Members of the Tuition Class)

56. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

57. Plaintiff brings this count on behalf of herself and other members of the Tuition Class.

58. Plaintiff and the Tuition Class entered into contracts with the University which provided that Plaintiff and other members of the Tuition Class would pay tuition for or on behalf of students and, in exchange, the University would provide live in-person instruction in a

12

physical classroom.

59. Plaintiff and other members of the Tuition Class fulfilled their end of the bargain when they paid tuition for the Spring 2020 semester either out-of-pocket or by using student loan financing, or otherwise.

60. The University breached the contract with Plaintiff and the Tuition Class by moving all classes for the Spring 2020 semester to online distance learning platforms, without reducing or refunding tuition accordingly.

61. The University retained tuition monies paid by Plaintiff and other members of the Tuition Class, without providing them the full benefit of their bargain.

62. Plaintiff and other members of the Tuition Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the value of the services the tuition was intended to cover, namely live in-person instruction in a physical classroom.

63. As a direct and proximate result of Defendant's breach, Plaintiff and the Tuition Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the difference between the value of the online learning which is being provided versus the value of the live in-person instruction in a physical classroom that was contracted for.

## FOR A SECOND COLLECTIVE CAUSE OF ACTION
## UNJUST ENRICHMENT
### (Plaintiff and Other Members of the Tuition Class)

64. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

65. Plaintiff brings this count on behalf of herself and other members of the Tuition Class.

13

66. The University has received a benefit at the expense of Plaintiff and other members of the Tuition Class to which it is not entitled.

67. Plaintiff and other members of the Tuition Class paid substantial tuition for live in-person instruction in physical classrooms and did not receive the full benefit of the bargain.

68. Plaintiff and other members of the Tuition Class conferred this benefit on Defendant when they paid the tuition.

69. Defendant has realized this benefit by accepting such payment.

70. Defendant has retained this benefit, even though Defendant has failed to provide the services for which the tuition was collected, making Defendant's retention unjust under the circumstances.

71. Equity and good conscience requires that the University return a portion of the monies paid in tuition to Plaintiff and other members of the Tuition Class.

72. Defendant should be required to disgorge this unjust enrichment.

**FOR A THIRD COLLECTIVE CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Plaintiff and Other Members of the Fees Class)**

73. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

74. Plaintiff brings this count on behalf of herself and other members of the Fees Class.

75. Plaintiff and the Fees Class entered into contracts with the University which provided that Plaintiff and other members of the Fees Class would pay certain fees for or on behalf of students and, in exchange, the University would provide services related to those fees, such as access to student activities, athletics, wellness centers, libraries, etc.

76. Plaintiff and other members of the Fees Class fulfilled their end of the bargain when they

paid these fees for the Spring 2020 semester either out-of-pocket or by using student loan financing, or otherwise.

77. The University breached the contract with Plaintiff and the Fees Class by moving all classes for the Spring 2020 semester to online distance learning platforms, constructively evicting students from campus, and closing most campus buildings and facilities.

78. The University retained fees paid by Plaintiff and other members of the Fees Class, without providing them the full benefit of their bargain.

79. Plaintiff and other members of the Fees Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the value of the benefits and services the fees were intended to cover.

80. As a direct and proximate result of Defendant's breach, Plaintiff and the Fees Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the pro-rata amount of fees that was collected but for which services were not provided.

## FOR A FOURTH COLLECTIVE CAUSE OF ACTION
## UNJUST ENRICHMENT
### (Plaintiff and Other Members of the Fees Class)

81. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

82. Plaintiff brings this count on behalf of herself and other members of the Fees Class.

83. The University has received a benefit at the expense of Plaintiff and other members of the Fees Class to which it is not entitled.

84. Plaintiff and other members of the Fees Class paid substantial student fees for on campus benefits and services and did not receive the full benefit of the bargain.

15

85. Plaintiff and other members of the Fees Class conferred this benefit on Defendant when they paid the fees.

86. Defendant has realized this benefit by accepting such payment.

87. Defendant has retained this benefit, even though Defendant has failed to provide the services for which the fees were collected, making Defendant's retention unjust under the circumstances.

88. Equity and good conscience requires that the University return a pro-rata portion of the monies paid in fees to Plaintiff and other members of the Fees Class.

89. Defendant should be required to disgorge this unjust enrichment.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of members of the Class(es), pray for judgment in their favor and against Defendant as follows:

a.    Certifying the Classes as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

b.    Declaring that Defendant is financially responsible for notifying the Class members of the pendency of this action;

c.    Declaring that Defendant has wrongfully kept monies paid for tuition and fees;

d.    Requiring that Defendant disgorge amounts wrongfully obtained for tuition and fees;

e.    Awarding injunctive relief as permitted by law or equity, including enjoining Defendant from retaining the pro-rated, unused monies paid for tuition and fees;

f.    Scheduling a trial by jury in this action;

g.    Awarding Plaintiff's reasonable attorney's fees, costs and expenses, as permitted

by law;

h.     Awarding pre and post judgment interest on any amounts awarded, as permitted

by law; and

i.     Awarding such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by

jury in this action of all issues so triable.

This 30th day of April, 2020

Respectfully Submitted,

**CARPEY LAW, P.C.**

/s/ Stuart A. Carpey
Stuart A. Carpey, #49490
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
(610)834-6030
scarpey@carpeylaw.com

**ANASTOPOULO LAW FIRM, LLC**

Eric M. Poulin (*pro hac vice admission pending*)
Roy T. Willey, IV (*pro hac vice admission pending)*
32 Ann Street
Charleston, SC 29403
(843) 614-8888
eric@akimlawfirm.com
roy@akimlawfirm.com

**ATTORNEYS FOR PLAINTIFF(S)**

17