# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASHA SMITH and EMMA NEDLEY, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF PENNSYLVANIA,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 2:20-CV-02086<br><br>**PLAINTIFFS EMMA NEDLEY'S ANSWERS AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES (SET ONE)** |

**TO:    DEFENDANT AND DEFENDANT'S ATTORNEYS**

Plaintiffs, Emma Nedley ("Plaintiff"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, objects and responds to Defendant University of Pennsylvania's ("Defendant") Interrogatories (Set One) to Plaintiff Emma Nedley ("Interrogatory" or "Interrogatories") as follows:

## <u>GENERAL OBJECTIONS</u>

Plaintiff makes the following General Objections to each and every Interrogatory. All responses set forth herein are subject to and without waiver of any of these General Objections:

1.    Plaintiff objects to the Interrogatories to the extent that they seek to impose on Plaintiff obligations that are not imposed by law or are otherwise inconsistent with Rule 33 of the Federal Rules of Civil Procedure or applicable case law.

2.    Plaintiff objects to the Interrogatories to the extent that they are overbroad, burdensome, and oppressive, including but not limited to the fact that they are overbroad in terms of scope or duration and are unduly burdensome or oppressive in that they would require a search

for information that is not relevant to the parties' claims and/or defenses and not proportional to the needs of this case. By responding to the Interrogatories, Plaintiff does not concede the relevancy, materiality, or admissibility as evidence of any of the information sought.

3.    Plaintiff objects to the Interrogatories to the extent that they seek information that is private and protected from disclosure by the attorney-client privilege, work product doctrine, the right to privacy, or any other applicable privilege or immunity. Such information will not be disclosed. Inadvertent disclosure of any such information is not intended to be, and shall not operate as, a waiver of any applicable privilege, protection, or immunity, in whole or in part.

4.    Plaintiff objects to the Interrogatories to the extent that they seek information that is: (a) within Defendant's own knowledge, and/or to which Defendant has equal or superior access; (b) readily available in Defendant's own records; or (c) publicly available, where the burden of collecting or compiling such information is the same for all parties. The burden of deriving such information is substantially the same, or greater, for Plaintiff, and therefore such Interrogatories are unduly burdensome, oppressive, and harassing.

5.    Plaintiff objects to the Interrogatories to the extent that they are vague, ambiguous, and uncertain, so that Plaintiff cannot determine the nature of the information sought and is therefore unable to provide such information.

6.    Plaintiff objects to the Interrogatories to the extent that they call for argumentative or speculative answers or legal conclusions.

7.    Plaintiff objects to the Interrogatories to the extent that they seek facts known and opinions held by non-witness experts.

8.    Plaintiff objects to Defendant's definition of the terms "You," "Your," and "Plaintiff," to the extent these definitions are overbroad. In Plaintiff's responses, "You," Your,"

Case 2:20-cv-02086-TJS    Document 82-8    Filed 02/21/22    Page 4 of 22

and "Plaintiff," shall mean Emma Nedley.

9.  No objection, limitation, response, or lack thereof made in this Response is intended as an admission by Plaintiff as to the existence or non-existence of information responsive to the Interrogatories.

10.  Plaintiff will count interrogatories containing separate, discrete requests as multiple interrogatories for the purposes of the limit on the number of interrogatories.

To the extent that an Interrogatory has not been objected to, Plaintiff used reasonable diligence to obtain information responsive to the Interrogatory answered herein, based on examination of those files that may reasonably be expected to yield such information. To the extent that Defendant seeks to require Plaintiff to do more than the foregoing, the Interrogatories are objected to on the grounds that Defendant seeks information which is not relevant to any party's claim or defense and is not proportional to the needs of the case, and would subject Plaintiff to oppression, harassment, and undue burden and expense not commensurate with any legitimate discovery need.

These responses are based solely on information presently known to Plaintiff, and information within Plaintiff's possession, custody, or control. Some documents that may have contained information responsive to Defendant's Interrogatories may no longer exist or are otherwise unavailable. Furthermore, future discovery and independent investigation may supply additional documents, facts, and information that may lead to additions to, changes in, and variations of the following responses. Therefore, Plaintiff reserves the right to amend and supplement these responses at a future time. Plaintiff further reserves the right to introduce, prior to trial or at the time of trial, any additional evidence that may be discovered, and any testimony of any witness whose identity may be discovered, after the service of Plaintiff's responses to these

Interrogatories.

Each of the foregoing objections is incorporated by reference into each of the responses below. To the extent that a particular objection is asserted in response to a particular Interrogatory, that objection is considered particularly relevant to that Interrogatory, and is not to be considered as excluding other objections that may be applicable. Subject to and without waiving the foregoing objections, and based solely on presently known information,

Plaintiff reserves the right, where appropriate, to supplement and/or correct the responses if additional information becomes known, and further reserves her right to amend or make additional objections as appropriate at that time.

Plaintiff responds to each Interrogatory as follows:

<u>**ANSWERS TO INTERRGATORIES**</u>

**INTERROGATORY NO. 1:** Identify any and all fees that Plaintiff or any Person on her behalf paid to Penn for the Spring 2020 Semester, and that you claim to have a right to any refund in this Litigation.

<u>**ANSWER:**</u>

In addition to tuition, Defendant charges certain mandatory fees including but not limited to a General Fee, a Technology Fee, and a Clinical Fee.

As noted above, Plaintiff reserves the right to supplement her response to Interrogatory No. 1 after Defendant has produced documents sufficient to Plaintiff to identify all fees that Defendant charged to students.

**INTERROGATORY NO. 2:** For each fee identified in response to Interrogatory No. 2, identify and describe in detail every contractual promise Plaintiff contends Penn made to Plaintiff or the putative class.

**ANSWER:**

Plaintiff objects to Interrogatory No. 2 on the grounds that it is a premature contention Interrogatory and not appropriate until the close of discovery.

Subject to and without waiver of the foregoing objection, Plaintiff states that Defendant charges a General Fee which provides full time students with counseling and wellness services, multicultural resource centers, students activities, recreation and fitness, career services, and learning support. Defendant also charges a Technology Fee which provides students with access to online learning resources, data and network security, technology support, email services and support, technology-enabled spaces, provided software, and electronic research tools. Additionally, the Defendant charges a Clinical Fee which provides students with campus health, counseling, and psychological services.

Plaintiff directs Defendant to her Complaint and to its own materials, websites, catalogs, and circulars.

**INTERROGATORY NO. 3:** For each fee identified in response to Interrogatory No. 3, identify and describe in detail how Penn breached each contractual promise identified in Interrogatory No. 2.

**ANSWER:**

Plaintiff objects to Interrogatory No. 3 on the grounds that it is a premature contention Interrogatory that is not appropriate until the close of discovery. Plaintiff further objects to the Interrogatory to the extent it calls for a legal conclusion and/or expert opinion.

Subject to the foregoing objection, when Plaintiff paid the fees as a precondition for enrollment she received, among other things: access to on-campus and other events, services, and student activities. She also received access to facilities including: computer, lab, and recreation facilities; and student health/treatment services.

Plaintiff and members of the Fees Class stopped receiving these services when Defendant moved classes for the spring 2020 semester to online distance learning platforms, and restricted access to campus.    Plaintiff directs Defendant to her Complaint. Plaintiff further directss Defendant to its own materials, websites, catalogs and circulars.

**INTERROGATORY NO. 4:** For each fee identified in response to Interrogatory No. 4, identify and describe in detail the amount of the refund Plaintiff claims to be entitled to receive, including how that amount is calculated.

**ANSWER:**

Plaintiff objects to Interrogatory No. 4 on the grounds that it is a premature contention interrogatory that is not appropriate until the close of discovery.

Plaintiff and the members of the Class are entitled to a refund totaling approximately 42% of the fees paid for the spring 2020 semester, less any fees already refunded, as they were deprived of, among other things (and incorporating her answer to Interrogatory No 3):

- Access to facilities such as computer labs, study rooms, laboratories, workshops, libraries, gymnasiums, athletic fields and facilities, etc.;

- Student governance and student unions;

- Extracurricular activities, groups, intramurals, etc.;

- Student performances, exhibitions, artwork, and other activities;

- Exposure to community members of diverse backgrounds, cultures, and schools of thought;

- Social development and independence; and

- Networking and mentorship opportunities.

for approximately 42% of the spring 2020 semester.

6

Discovery is continuing, and Plaintiff reserves the right to supplement or amend her response to this Interrogatory as additional information is learned, including, but not limited to the economic value of any services Defendant claims were actually provided, in whole or in part..

**INTERROGATORY NO. 5:** For each fee identified in response to Interrogatory No. 1, identify and describe in detail all damages that Plaintiff asserts she suffered as a result of not receiving a refund, including the type or kind of damages, the circumstances surrounding the damages, and any monetary amount associated with the damages, and how Plaintiff contends those damages resulted from not receiving a refund.

**ANSWER:**

Plaintiff objects to Interrogatory No. 5 on the grounds that it is a premature contention interrogatory that is not appropriate until the close of discovery. Plaintiff further objects to the Interrogatory to the extent it calls for a legal conclusion and/or expert opinion.

At this stage, , a precise damages analysis would be pre-mature. Nonetheless, Plaintiff submits that she will be seeking class-wide damages based upon the following formula: Net revenue collected by Defendant for the Spring 2020 semester in the form of fees, divided by the number of students enrolled during the spring 2020 semester, further divided by the percentage of days remaining in the Spring 2020 semester when Defendant ceased in-person instruction and required students to vacate campus. The resulting number may be further adjusted based upon expert testimony and/or other evidence or damages models set forth by Defendant with respect to any credit Defendant might be owed for the value of such minimal services that remained available past the date when Defendant ceased in-person instruction and required students to vacate campus.

**INTERROGATORY NO. 6:** Identify and describe any and all monetary support that Plaintiff received, whether from Penn or any Person, entity, or governmental third party, during or for the Spring 2020 Semester at Penn, including financial aid, scholarship, waivers, grants, loans, awards, refunds, or stipends, and explain how Plaintiff used such monetary support.

**ANSWER:**

Plaintiff states that whether the Plaintiff received any monetary support from Penn or any Person, entity, or governmental third party is immaterial.

Plaintiff states she will produce her Spring 2020 tuition and fee statement in response to this interrogatory.

**INTERROGATORY NO. 7:** Identify and describe in detail each and every instance in which Plaintiff sought, requested, received, or was denied health-related services (including clinical, counseling, or wellness services) from the University during the Spring 2020 Semester.

**ANSWER:**

Plaintiff states that she will produce, non-privileged, non-work product documents in her possession, custody, and control sufficient to show that she paid for the opportunity to use all health-related services offered by Defendant. Whether the Plaintiff or any member of the proposed class utilized each health-related service, and to what extent, is immaterial. Plaintiff further states that, to the best of her current recollection, she did not seek or receive any available health related services during the Spring 2020 Semester.

Discovery and investigation are continuing, and Plaintiff reserves the right to supplement or amend Plaintiff's response to this Interrogatory as additional information is learned through discovery.

**INTERROGATORY NO. 8:** Identify and describe in detail each and every instance in which Plaintiff sought, requested, received, or was denied technology support or technology-related services from the University during the Spring 2020 Semester.

**ANSWER:**

\Subject to and without waving the foregoing and General Objections, Plaintiff states that she will produce, non-privileged, non-work product documents in her possession, custody, and control sufficient to show that she paid for the opportunity to use all technology-related services offered by Defendant. However, whether the Plaintiff or any member of the proposed class utilized each technology-related service, and to what extent, is immaterial. Plaintiff states that, other than Internet access when doing work on campus outdoors or occasionally Zoom, an SSO account, Canvas, Perusall, and WCOnline ("WCO"), she did not request or receive any technology support or technology-related services from the University during the Spring 2020 semester. Plaintiff notes that, very frequently, the platform WCO did not work.

Discovery and investigation are continuing, and Plaintiff reserves the right to supplement or amend Plaintiff's response to this Interrogatory as additional information is learned through discovery.

**INTERROGATORY NO. 9:** Identify and describe in detail each and every instance in which Plaintiff sought, requested, received, or was denied recreation or fitness-related services or classes from the University during the Spring 2020 Semester.

**ANSWER:**

Plaintiff states that she will produce, non-privileged, non-work product documents in her possession, custody, and control sufficient to show that she paid for the opportunity to use all fitness-related services offered by Defendant. However, whether the Plaintiff or any member of the proposed class utilized each fitness-related service, and to what extent, is immaterial. Plaintiff further states that she would have normally used all of the athletic and fitness facilities, including Weiss Gym, Weightman Physical Therapy, and the Pottruck Fitness Center regularly, but was given access to such facilities.

Discovery and investigation are continuing, and Plaintiff reserves the right to supplement or amend Plaintiff's response to this Interrogatory as additional information is learned through discovery.

**INTERROGATORY NO. 10:** Identify and describe in detail each and every instance in which Plaintiff sought, requested, received, or was denied any services from career services at the University during the Spring 2020 Semester.

**ANSWER:**

Plaintiff incorporates her General Objections as if set forth fully herein. Plaintiff further objects to Interrogatory No. 10 on the grounds that it: (a) is overly broad and unduly burdensome; (b) is vague and incapable of reasonable ascertainment; (c) seeks documents not in Plaintiff's possession, custody or control; (d) seeks documents in the possession, custody or control of Defendant or third parties; (e) is premature based on the stage of the proceedings; and (f) is duplicative of other Requests.

Subject to and without waving the foregoing and General Objections, Plaintiff states that she will produce, non-privileged, non-work product documents in her possession, custody, and

control sufficient to show that she paid for the opportunity to use all career services offered by Defendant. However, whether the Plaintiff or any member of the proposed class utilized each career service, and to what extent, is immaterial. Plaintiff further states that that she did not utilize career services from the University during the Spring 2020 semester.

Discovery and investigation are continuing, and Plaintiff reserves the right to supplement or amend Plaintiff's response to this Interrogatory as additional information is learned through discovery.

**INTERROGATORY NO. 11:** Identify and describe in detail each and every instance in which Plaintiff sought, requested, received, or was denied tutoring or other resources or services related to learning support from the University during the Spring 2020 Semester.

**ANSWER:**

Subject to and without waving the foregoing and General Objections, Plaintiff states that she will produce, non-privileged, non-work product documents in her possession, custody, and control sufficient to show that she paid for the opportunity to use all learning support services offered by Defendant. However, whether the Plaintiff or any member of the proposed class utilized each learning support service, and to what extent, is immaterial. Plaintiff further states that she did not request or receive any tutoring or learning support from the University during the Spring 2020 semester.

Discovery and investigation are continuing, and Plaintiff reserves the right to supplement or amend Plaintiffs' response to this Interrogatory as additional information is learned through discovery.

**INTERROGATORY NO. 12:** Identify and describe in detail each and every instance in which Plaintiff sought, requested, received, or was denied a refund, monetary assistance, or

monetary relief from the University during the Spring 2020 Semester.

**ANSWER:**

Plaintiff objects to Interrogatory No. 12 on the grounds that it is a premature contention Interrogatory and not appropriate until the close of discovery. Plaintiff furtger objects to Interrogatory No. 12 to the extent it calls for the production of information protected by privilege, including attorney-client or attorney work product, as inherently vague and overbroad, and to the extent it calls for a legal conclusion and/or expert opinion. Subject to and without waving the foregoing and General Objections, Plaintiff, at this time, has not information responsive to this Interrogatory.

**INTERROGATORY NO. 13:** Identify and describe in detail each and every instance in which Plaintiff sought, requested, received, or was denied access during the Spring 2020 Semester to (a) a multicultural resource center or (b) services provided by a multicultural resource center.

**ANSWER:**

Subject to and without waving the foregoing and General Objections, Plaintiff states that she will produce, non-privileged, non-work product documents in her possession, custody, and control sufficient to show that she paid for the opportunity to use all multicultural resources offered by Defendant. However, whether the Plaintiff or any member of the proposed class utilized each multicultural resource, and to what extent, is immaterial. Plaintiff further states that, during the Spring 2020 Semester, she did not utilize any of the available multicultural resources at Penn.

Discovery and investigation are continuing, and Plaintiff reserves the right to supplement or amend Plaintiff's response to this Interrogatory as additional information is learned through discovery.

**INTERROGATORY NO. 14:** Identify and describe in detail all organized activities Plaintiff participated in at Penn—other than attending classes and academic course work—during the Spring 2020 semester, including any student clubs, sports teams supported or recognized by the University, or other extra-curricular activities supported or recognized by the University.

**ANSWER:**

Plaintiff object to Interrogatory No. 14 as irrelevant and not likely to lead to admissible evidence. Plaintiffs and the Class paid for the opportunity to use all programs, accesses, experience, facilities, and benefits offered by Defendant. Whether Plaintiffs or members of the Class actually utilized each and every one, and to what extent, is immaterial. They paid for the right to do so if and when they chose, and that right was taken away without sufficient refund.

Plaintiff further states that, in addition to being a student tutor and other activities referenced above, she expected to play varsity softball. Plaintiff was also a member of the Fellowship of Christian Athletes, Penn Athletics Wharton Leadership Academy, Penn Athletics Health and Wellness Captains, and Pre-Dental Society.

Discovery and investigation are continuing, and Plaintiff reserves the right to supplement or amend Plaintiff's response to this Interrogatory as additional information is learned through discovery.

**INTERROGATORY NO. 15:** Describe with particularity each and every specific document, communication, fact, promise, and/or description of Penn's facilities, services, resources, or activities that you allege are supported by the Mandatory Student Fees that you reviewed or were aware of prior to enrolling or registering for the Spring 2020 Semester.

**ANSWER:**

Plaintiff objects to Interrogatory No. 15 on the grounds that it is a premature contention Interrogatory and not appropriate until the close of discovery.

Subject to and without waving the foregoing and General Objections, and incorporating by reference to her answers to preceding Interrogatorie, Plaintiff states that her allegations encompass each and every facility to which students had access during the first half of the Spring 2020 semester, each and every service that was available to s during the first half of the Spring 2020 semester, and the other rights and privileges of student status, including but not limited to: face-to-face interaction with professors, mentors, and peers; exposure to community members of diverse backgrounds, cultures, and schools of thought; social development and independence; hand-on learning and experimentation; and networking and mentorship opportunities.

Plaintiff directs Defendant to her Amended Complaint. Plaintiff further directs Defendant to its own materials, websites, catalogs, and circulars.

Plaintiff directs Defendant to her Amended Complaint. Plaintiff further directs Defendant to its own materials, websites, catalogs and circulars.

**INTERROGATORY NO. 16:** Describe with particularly any and all facts relating to Plaintiff's allegation in Paragraph 46 of the Complaint that the University was able to "drastically reduce costs" during the Spring 2020 Semester.

**ANSWER:**

Plaintiff objects to Interrogatory No. 16 on the grounds that it is a premature contention Interrogatory and not appropriate until the close of discovery.

**INTERROGATORY NO. 17:** Describe with particularly any and all facts relating to your allegation in Paragraph 151 of the Complaint that Penn "did not provide student activities, on-campus computer or lab facilities, access to recreational facilities, access to campus events, any student activities, or any student health and treatment services for a portion of the Spring 2020 semester."

**ANSWER:**

Plaintiff objects to Interrogatory No. 17 on the grounds that it is a premature contention Interrogatory and not appropriate until the close of discovery.

Subject to and without waving the foregoing and General Objections, when Plaintiff paid the fees as a precondition for enrollment she received: access to on-campus events and student activities.  She also received access to facilities including: computer, lab, and recreation facilities; and student health/treatment services.

Plaintiff and members of the Class stopped receiving these services when Defendant moved classes for the spring 2020 semester to online distance learning platforms, and restricted access to campus.

Plaintiff directs Defendant to her Complaint. Plaintiff further direct Defendant to its own materials, websites, catalogs, and circulars.

**INTERROGATORY NO. 18:** Describe with particularity Plaintiff's class-wide claims for injury, economic loss, and any other damages, including but not limited to the supporting calculations and methodology and all documents relating thereto.

**ANSWER:**

Please see Response to Interrogatory No. 4.

**INTERROGATORY NO. 19:** If Plaintiff contends that any employee, representative, or agent of Penn has made any statement which constitutes an admission, identify the person or persons making such admission or statement, identify the contents of the admission or statement, and identify any written documentation concerning the particular admission or statement.

**ANSWER:**

Plaintiff objects to this Interrogatory because it is overbroad and unduly burdensome to respond to as drafted. As drafted, a full response to this Interrogatory would require Plaintiff to investigate whether any employee, representative, or agent of Penn at any time made any statement, oral or written, to any person, whether or not that person is within the control of the Plaintiff.

**INTERROGATORY NO. 20:** Identify each person Plaintiff believes possesses any knowledge of any facts relating to this lawsuit and describe with particularity the specific facts within the knowledge of each person and how that person came to possess such knowledge.

**ANSWER:**

Plaintiff directs the Defendant to her initial disclosures. Discovery is ongoing and Plaintiff reserves the right to supplement or amend Plaintiff's response to this Request as additional information is learned through discovery.

**INTERROGATORY NO. 21:** Identify and describe all individuals that Plaintiff intends to call as witnesses at trial and the specific topics about which they are expected to testify.

**ANSWER:**

Plaintiff objects to Interrogatory No. 21 as inherently premature, Plaintiff further directs the Defendant to her initial disclosures, which contain a preliminary list of people that will potentially be called as witnesses.

Discovery is ongoing and Plaintiff reserves the right to supplement or amend Plaintiff's response to this Request as additional information is learned through discovery.

**INTERROGATORY NO. 22:** For any of your responses to Penn's Requests for Admissions (served concurrently herewith) that is not an unqualified admission, state the number

of the request, all facts upon which you base your response, and identify all documents, communications, and tangible things that refer to, relate to, or evidence your response.

**ANSWER:**

Plaintiff notes that Defendant has exceeded the number of Interrogatories, counting parts and subparts, permitted under Rule 33 of the Federal Rules of Civil Procedure. Subject to the foregoing objection below are the Requests for Admissions that are not unqualified admissions.

**REQUEST FOR ADMISSION NO. 3**

Plaintiff is without sufficient knowledge and information so as to form a belief as to this irrelevant request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 4**

Plaintiff is without sufficient knowledge and information so as to form a belief as to this irrelevant request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 5**

Plaintiff is without sufficient knowledge and information so as to form a belief as to this irrelevant request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 6**

Plaintiff is without sufficient knowledge and information so as to form a belief as to this irrelevant request and therefore denies the same.

**REQUEST FOR ADMISSION NO. 7**

Admitted that some virtual/remote student activities and events were offered, but denied that Defendant offered all student activities and events to students for the entire spring 2020 semester.

**REQUEST FOR ADMISSION NO. 8**

Admitted that certain, limited, telemedicine services continued to be offered, but denied that Defendant offered full health and wellness services to students for the entire Spring 2020 semester.

**REQUEST FOR ADMISSION NO. 13**

. Plaintiff objects to Request for Admission No. 13 as unclear, ill defined, and vague, is without sufficient knowledge and information so as to form a belief as to this request, and therefore denies the same.


Dated: November 24, 2021                    */s/ Edward W. Ciolko*
                                            **LYNCH CARPENTER, LLP**
                                            Gary F. Lynch
                                            Edward W. Ciolko**
                                            Nicholas A. Colella**
                                            1133 Penn Avenue 5th Floor
                                            Pittsburgh, PA 15222 P (412) 322-9243
                                            F. (412) 231-0246
                                            E. glynch@carlsonlynch.com
                                            eciolko@carlsonlynch.com
                                            ncolella@carlsonlynch.com

                                            **CARPEY LAW, P.C.**
                                            Stuart A. Carpey, #49490
                                            600 W. Germantown Pike, Suite 400
                                            Plymouth Meeting, PA 19462
                                            (610) 834-6030
                                            scarpey@carpeylaw.com

                                                    -and-

**ANASTOPOULO LAW FIRM, LLC**
Eric M. Poulin**
Roy T. Willey, IV **
32 Ann Street
Charleston, SC 29403
(843) 614-8888
eric@akimlawfirm.com
roy@akimlawfirm.com

**Admitted Pro Hac Vice

**ATTORNEYS FOR PLAINTIFFS**

## <u>VERIFICATION</u>

I, Emma Nedley, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that I have read the foregoing Plaintiff's Answers and Objections to Defendant's Interrogatories (Set One), and that the factual information contained therein is true and correct to the best of my knowledge and belief.

DocuSigned by:

*Emma Nedley*

C3184AAD478D488...

Emma Nedley

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served via E-Mail

and First-Class Mail this 24th day of November 2021 on the following:

Virginia A. Gibson
HOGAN LOVELLS US LLP
1735 Market Street
23rd Floor
Philadelphia, PA 19103
267-675-4635
Email: virginia.gibson@hoganlovells.com

James W. Clayton
Michael L. Kidney
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC 20004
202-637-6462
Email: james.clayton@hoganlovells.com
michael.kidney@hoganlovells.com

By:      /s/ *Edward W. Ciolko*