# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ASHA SMITH, Individually and On Behalf of All Others Similarly Situated** | : | **CIVIL ACTION** |
| v. | : | |
| **UNIVERSITY OF PENNSYLVANIA** | : | **NO. 20-2086** |

## ORDER

**NOW**, this 5th day of October, 2022, upon consideration of Plaintiffs' Unopposed Motion to Preliminarily Approve Class Action Settlement, Certify the Class, Appoint Class Counsel, Approve Proposed Class Notice, and Schedule a Final Approval Hearing (Doc. No. 96), and after a hearing, it is **ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1. The Settlement Agreement (Doc. No. 97-1) entered into between the Plaintiffs Asha Smith and Emma Nedley ("Plaintiffs" or "Class Representatives") on behalf of themselves and the proposed settlement class, and the Trustees of the University of Pennsylvania ("Penn") on September 7, 2021, is preliminarily approved.

2. The definitions in the Settlement Agreement are incorporated in this Order.

3. The following Settlement Class is preliminarily certified for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), as follows:

> All students enrolled in any Penn program who were assessed Spring 2020 Fees, with the exception of: (i) any person who withdrew from Penn on or before March 17, 2020; (ii) any person enrolled for the Spring 2020 semester solely in a program for that, at the beginning of the Spring 2020 semester, was intended to be delivered as an online program; (iii) any person who properly executes and files a proper and timely opt-out request to be excluded from the Settlement Class; and (iv) the legal representatives, successors or assigns of any such excluded person.

4. In the Consolidated Class Action Complaint, the Plaintiffs alleged that in March 2020 they were forced to continue coursework online due to the COVID-19 pandemic and to leave their dormitories. They and other students at Penn demanded partial refunds for the second half of the spring 2020 semester, claiming they received a materially different educational experience of lesser value than what they had been promised. The Plaintiffs also sought refunds for mandatory fees they paid to enroll in classes for the spring 2020 semester, claiming that Penn deprived them and other students of certain services, amenities, and activities for which they had paid.

5. The Plaintiffs brought this putative class action asserting claims for breach of contract. The Plaintiffs alleged that Penn breached its promise of in-person classes and an on-campus experience when it moved classes online, ordered students to leave campus, canceled events and activities, and closed most campus facilities.

6. The Consolidated Class Action Complaint sought certification of two putative classes: (1) The Tuition Class[1] and (2) The Fees Class.[2]

7. On April 20, 2021, the breach of contract, unjust enrichment, and conversion claims for tuition refunds, and the unjust enrichment and conversion claims against Penn for fee payment refunds were dismissed. The breach of contract claim for fee payment refunds survived.

8. Penn shall pay a Settlement Amount of Four Million Five Hundred Thousand Dollars ($4,500,000.00).

---

[1] The Tuition Class was defined as: "All people who paid tuition for or on behalf of students enrolled in classes at the University for the Spring 2020 semester but were denied live, in-person instruction and forced to use online distance learning platforms for the latter portion of that semester." Consolidated Class Action Complaint and Demand for Jury Trial ¶ 56, ECF No. 18.

[2] The Fees Class was defined as: "All people who paid fees for or on behalf of students enrolled in classes at the University for the Spring 2020 semester." *Id.*

9. Administrative expenses, attorneys' fees, litigation expenses, and service awards shall be paid from the Settlement Fund.

10. Settlement Class Members will receive the following monetary relief from the Net Settlement Fund:

a. A portion of the Net Settlement Fund will be allocated *pro rata* to each Settlement Class Member based on the ratio of the total number of Potential Settlement Class Members to the total Net Settlement Fund. The resulting ratio will be multiplied by the Net Settlement Fund to determine each Settlement Class Member's Settlement Benefit.

b. To the extent a Potential Settlement Class Member properly executes and files a timely opt-out request to be excluded from the Settlement Class, that Potential Settlement Class Member's Settlement Benefit will be distributed to Settlement Class Members, in equal amounts to each Settlement Class Member.

c. Each Settlement Class Member's Settlement Benefit will be distributed to that Settlement Class Member automatically, with no action required by that Settlement Class Member.

d. With respect to Settlement Class Members who are Continuing Penn Students, the Settlement Administrator will calculate the amount of the Settlement Benefit and provide this information to Penn, which will issue a credit in this amount to each Settlement Class Member's student account. Penn will not impose a charge to issue this credit. Except as otherwise stated in this paragraph, the remaining Settlement Class Members will be paid by a check issued by the Settlement Administrator, and the Settlement Administrator will mail the check by first class U.S. Mail to the Settlement

Class Member's last known mailing address on file with the University Registrar. The Settlement Administrator will also provide a form on the Settlement Website that these remaining Settlement Class Members may visit to (a) provide an updated address for sending a check; or (b) elect to receive the Settlement Benefit by Venmo or PayPal instead of a paper check. These remaining Settlement Class Members must provide an updated address or elect to receive the Settlement Benefit by Venmo or PayPal no later than sixty (60) days after the Final Judgment is entered.

11. The proposed Short Form Notice of Proposed Class Action Settlement and Hearing ("Short Form Notice"), and the proposed Long Form Notice of Proposed Class Action Settlement and Hearing ("Long Form Notice"), submitted by the Parties as Exhibits A and C to the Settlement, are approved as substantially in proper form.

12. No later than **October 26, 2022**, Penn shall provide to the Settlement Administrator a list from the University Registrar and the Alumni Office records that includes the names, email, and postal addresses, to the extent available, belonging to all Potential Settlement Class Members. For any Potential Settlement Class Member who is not a Continuing Penn Student, Penn shall include in the list, to the extent available, personal or alternative email address supplied to Penn at the time of application or later, and any Penn email address, including any alumni email address.

13. No later than **October 19, 2022**, before the issuance of the Short Form Notice, the Settlement Administrator shall establish the Settlement Website, which shall include, in downloadable format, the following:

    a. the Long Form Notice;

    b. the Preliminary Approval Order;

4

  c. the Settlement Agreement, including all exhibits;

  d. a Question and Answer section, agreed to by the Parties, anticipating and answering Settlement related questions from prospective class members;

  e. contact information for the Settlement Administrator, including a Toll Free number, and Settlement Class Counsel;

  f. all preliminary and final approval motions filed by the Parties and any orders ruling on such motions; and

  g. any other materials agreed upon by the Parties and/or required by the Court.

 The Settlement Website shall allow Settlement Class Members who are not Continuing Penn Students to provide an updated mailing address to receive a paper check or to elect to receive their Settlement Benefit via Venmo or PayPal.

 14. No later than **October 20, 2022**, and until the date Final Judgment is entered, Penn shall provide a link to the Settlement Website at https://www.upenn.edu/.

 15. No later than **November 4, 2022**, the Settlement Administrator shall send, via email to persons listed on the Class List, the Short Form Notice substantially in the form submitted to the Court; and if an email address is not listed for a Potential Settlement Class Member on the Class List, the Short Form Notice shall be sent by the Settlement Administrator to the Potential Settlement Class Member's last known mailing address via U.S. mail.  The Short Form Notice shall advise the Potential Settlement Class Members of:

  a. the Settlement Agreement and its relevant terms;

  b. their rights under the Settlement Agreement;

      c.      the URL to the Settlement Website;

      d.      the toll-free telephone number to call for additional information;

      e.      the process for objecting and opting out of the settlement; and

      f.      date of the final approval hearing.

16.    If the parties or the Settlement Administrator determine that notice by email did not reach a Potential Settlement Class Member, the Settlement Administrator shall send the Notice by first-class mail.

17.    If any notice mailed to Potential Settlement Class Member in accordance with paragraphs 15 and 16 of this Order is returned to the Settlement Administrator as undeliverable, the Settlement Administrator will promptly log each such mailed notice and provide copies of the log to Penn and Class Counsel as requested.  If the mailing is returned to the Settlement Administrator with a forwarding address, the Settlement Administrator shall forward the mailing to that address.  For other returned mailings, a Lexis/Nexis name and address search or National Change of Address (NCOA) database search shall be conducted and those mailings shall be forwarded to any new address obtained through such a search.  In the event that any mailed notice is returned as undeliverable a second time, no further mailing shall be required.

18.    No later than **November 4, 2022**, Penn shall cause the Short Form Notice to be published once in Penn Today, the student newspaper of Penn, or a publication with comparable reach.

19.    No later than **November 18, 2022**, the Settlement Administrator shall file proof of distributing the Short Form Notice as required by paragraphs 15 through 17 of this Order.

20. The manner of giving notice as prescribed in this Order satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled to notice.

21. No later than **December 5, 2022**, Class Counsel shall file a motion for final approval and a motion for an award of attorneys' fees and expenses.

22. Any Potential Settlement Class Member may, upon request, be excluded or "opt-out" from the Settlement Class.  No Potential Settlement Class Member may both opt-out of the Settlement and object to the Settlement; a Potential Settlement Class Member must decide whether to opt-out of the Settlement or to object.

23. Each Potential Settlement Class Member shall have the right to opt-out from the Settlement Class by mailing a request for exclusion to the Settlement Administrator postmarked no later than **December 19, 2022**.  If there is no legible postmark, the request for exclusion must be received by the Settlement Administration on or before **January 2, 2023**.  Any Settlement Class Member who wishes to exclude himself or herself from the Settlement Class must comply with the terms set forth in the Long Form Notice and Settlement Agreement.

24. All persons who submit valid and timely written requests for exclusion as set forth in this Order and the Long Form Notice shall have no rights under the Settlement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement or any Final Judgment entered in this Action.

25. Any Potential Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class will be bound by all proceedings,

orders, and judgments in this litigation, even if the Potential Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the claims released in this case, and even if such Potential Settlement Class Member never received actual notice of this litigation or this proposed settlement.

26. Unless they have submitted a timely request for exclusion from the Class, Potential Settlement Class Members and their legally authorized representatives will be preliminarily enjoined from raising claims released in the Settlement Agreement by:

a. filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative or regulatory proceeding, arbitration, or other proceeding in any jurisdiction;

b. filing, commencing, or prosecuting a lawsuit or administrative or regulatory proceeding, arbitration, or other proceeding as a class action on behalf of any Potential Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action); and,

c. attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based upon the claims released in the Settlement Agreement.

27. No later than **December 19, 2022**, each Potential Settlement Class Member who does not timely opt out of the Settlement Class shall have the right to object to the settlement or the request by Class Counsel for an award of attorneys' fees and expenses by filing written objections with the Clerk of Court and serving copies of the objections on Class Counsel and Penn's counsel.

28. Objections must contain the following: (1) a heading that refers to this action by case name and case number; (2) a statement of the specific legal and factual basis for each objection; (3) a statement whether the objecting person or entity intends to appear at the Final Approval Hearing, either in person or through counsel and, if through counsel, a statement identifying counsel by name, bar number, address, and telephone number; (4) a description of any and all evidence the objecting person or entity may offer at the Final Approval Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses; all exhibits intended to be introduced at the Final Approval Hearing; and documentary proof of the objecting person's membership in the Settlement Class; and (5) a list of other cases in which the objector or counsel for the objector has appeared either as an objector or counsel for an objector in the last five years.

29. Failure to timely file and serve written objections in compliance with paragraph 28 of this Order will preclude a Potential Settlement Class Member from objecting at the Final Approval Hearing.

30. No later than **January 9, 2023**, the Settlement Administrator shall file with the Clerk of Court and serve on counsel a list of all persons who have timely opted out of the Settlement Class with its determinations as to whether any request to opt out of the Settlement Class was not submitted timely; and it shall provide written notification to any Settlement Class Member whose request to opt out of the Settlement Class was untimely.

31. The Settlement Administrator will send the Settlement Benefits to Settlement Class Members within sixty (60) days of the Final Judgment.

32.     Funds for Uncashed Settlement Checks shall be donated, as a *cy pres* award, to:

> **Philadelphia Futures**
> 123 S. Broad Street, Suite 850
> Philadelphia, PA 19109
>
> Phone: (215) 790-1666
> Fax: (215) 790-1888
> Website: https://philadelphiafutures.org/

33.     The Settlement Agreement is likely to be approved as fair, reasonable and adequate to the Settlement Class after a final approval hearing.

34.     The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied for settlement purposes in that:

   a.   there are approximately 26,000 members of the Settlement Class;

   b.   there are questions of fact and law that are common to all members of the Settlement Class;

   c.   the claims of the class representatives are typical of those of the other members of the Settlement Class;

   d.   the class representatives will fairly and adequately protect the interests of the Settlement Class; and

   e.   counsel for the Settlement Class, experienced in complex commercial and class action litigation, have and will continue to adequately represent the Settlement Class.

35.     This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) for settlement purposes because:

      a.     a class action is superior to other available methods for the fair and efficient adjudication of this controversy; and

      b.     questions of fact and law common to members of the Settlement Class predominate over any questions affecting only individual members.

36.     Plaintiffs Asha Smith and Emma Nedley are appointed Class Representatives

37.     Edward W. Ciolko of Lynch Carpenter, LLP, and Paul Doolittle of Poulin | Willey | Anastopoulo, LLC are appointed counsel for the Class ("Class Counsel").

38.     A.B. Data, Ltd. is appointed the Settlement Administrator.

39.     Pursuant to Fed. R. Civ. P. 23(e), a final approval hearing will be held on **January 17, 2023**, at **9:00 a.m.**, in **Courtroom 9A,** at the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106, to determine:

      a.     whether this action satisfies the criteria for class certification set forth in Fed. R. Civ. P. 23(a) and (b);

      b.     whether the proposed settlement is fair, reasonable and adequate in consideration of the factors set forth in Fed. R. Civ. P. 23(e)(2);

      c.     whether final approval should be granted;

      d.     whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice;

      e.     an award of attorneys' fees and expenses; and

      f.     other such matters as the Court may deem appropriate.

40. The Court retains jurisdiction over this action to consider all matters arising out of or connected with the Settlement Agreement.

<u>/s/ Timothy J. Savage</u><br>
TIMOTHY J. SAVAGE, J.