**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ASHA SMITH, Individually and On Behalf of All Others Similarly Situated** | : : | **CIVIL ACTION** |
| **v.** | : : | |
| **UNIVERSITY OF PENNSYLVANIA** | : | **NO. 20-2086** |

**FINDINGS OF FACT
AND
CONCLUSIONS OF LAW**

**NOW**, this 18th day of January, 2023, upon consideration of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Approval of Manner of Distribution of Net Settlement Fund (Doc. No. 105) and Plaintiffs' Unopposed Motion for Award of Attorneys' Fees and Reimbursement of Expenses (Doc. No. 106), and after a hearing on January 17, 2023, the Court makes the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

1. On October 5, 2022, the proposed settlement was preliminarily approved.

2. The Settlement Class as defined for settlement purposes in the Order of October 5, 2022, includes:

> All students enrolled in any Penn program who were assessed Spring 2020 Fees, with the exception of: (i) any person who withdrew from Penn on or before March 17, 2020; (ii) any person enrolled for the Spring 2020 semester solely in a program that, at the beginning of the Spring 2020 semester, was intended to be delivered as an online program; (iii) any person who properly executes and files a proper and timely opt-out request to be excluded from the Settlement Class; and (iv) the legal representatives, successors or assigns of any such excluded person.

3. Excluded from the Settlement Class are the four individuals who timely requested exclusion from the Settlement: Annabel Berney, Jaden Cloobeck, Edward M. Hart and Toshiki Kawashima.

4. Plaintiffs Asha Smith and Emma Nedley, the appointed Class Representatives, have fairly and adequately protected the interests of the Settlement Class.

5. Edward W. Ciolko of Lynch Carpenter, LLP, and Paul Doolittle of Poulin | Willey | Anastopoulo, LLC, the appointed Class Counsel, have adequately represented the Settlement Class.

6. Notice of the proposed settlement was provided to Settlement Class Members in compliance with the Court's October 5, 2022 Order by A.B. Data, Ltd., the appointed Settlement Administrator.

7. Notice of the January 17, 2023 hearing to determine (a) whether this action satisfies the criteria for class certification set forth in Fed. R. Civ. P. 23(a) and (b);(b) whether the settlement of this action on the terms and conditions set forth in the Settlement Agreement should be finally approved as fair, reasonable and adequate; (c) whether final approval should be granted; (d) the amount of attorneys' fees and expenses to be awarded to Lead Counsel; and (e) whether a final order and judgment should be entered dismissing the claims of the Settlement Class with prejudice, was emailed and/or mailed to all Settlement Class Members.

8. Notice of the proposed settlement constituted the best notice practicable under the circumstances, and included notice to all members who could be identified through reasonable efforts.

9. Notice of the proposed settlement was given to the appropriate federal and state officials in compliance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) (the "CAFA Notice").

10. There are 24,500 Settlement Class Members.

11. Settlement Class Members were given the option of excluding themselves from the class by submitting a request for exclusion to the Settlement Administrator postmarked no later than December 19, 2022.

12. Three Settlement Class Members have timely requested exclusion from the Settlement Class.

13. The deadline for serving written objections to the settlement and/or the request for an award of attorneys' fees and out-of-pocket expenses was December 19, 2022.

14. One class member has objected to the proposed settlement.

15. Investigation, substantial discovery, litigating a motion to dismiss the amended complaint, briefing a motion for class certification and extensive settlement negotiations have taken place at substantial expense to the parties.

16. If the settlement is not approved, there will be expensive future litigation.

17. On January 17, 2023, pursuant to Fed. R. Civ. P. 23(e), a final approval hearing was held.

18. The only persons who appeared at the January 17, 2023 hearing were Class Counsel and defense counsel.p

**The Settlement**

19. The settlement terms were reached after Class Counsel: (a) researched and drafted the initial complaints in the Action and the Consolidated Class Action Complaint; (b) researched the applicable law with respects to the claims in the Action and potential defenses; (c) reviewed, researched and drafted an opposition to defendant's motion to dismiss; and (d) engaged in extensive settlement discussions with defense counsel and

exchanged information pertaining to the damages. These actions resulted in an understanding of the strengths and weaknesses of the claims and the defendant's potential defenses, enabling counsel to make an informed decision that the proposed settlement is fair, adequate and reasonable, and in the best interests of the settlement class.

20. Settlement negotiations took place over the course of the litigation in arms' length discussions and with the participation of a mediator.

21. The Settlement Agreement was the product of careful and informed analysis by all parties, taking into consideration the respective strengths and weaknesses of the parties' positions.

22. The parties have been and are represented by counsel experienced in class actions, complex commercial matters and consumer litigation in the federal courts.

23. The defendant challenged the claims on legal grounds, raising a potential finding of no liability.

24. The parties genuinely believe there are inherent risks in proceeding to trial.

25. Settlement will avoid delay in realizing a benefit for the Settlement Class Members, will avoid unnecessary litigation costs, and will eliminate uncertainty.

26. That there is only one objection to the settlement demonstrates support for the approval of this settlement as fair and reasonable.

27. The settlement directly responds to the challenged conduct and provides relief to a large group of people with modest individual claims who could not practically seek redress on an individual basis.

28. The Settlement Agreement requires Penn to pay a Settlement Amount of Four Million Five Hundred Thousand Dollars ($4,500,000.00).

29.     The Net Settlement Amount of $2,875,016.51, which is the Settlement Amount less notice and administrative costs of $88,554.00, attorneys' fees of $1,5000,000.00, litigation expenses of $16,429.48, and a service award to the plaintiffs of $10,000.00 each ($20,000.00 total), will be distributed to Settlement Class Members.

30.     The Settlement Agreement provides that if any settlement funds become subject to a *cy pres* distribution, the Settlement Administrator shall disburse the funds to Philadelphia Futures.

31.     The Settlement Agreement does not grant preferential treatment to the Class Representatives or segments of the class.

**Class Counsel's Request for Award of Attorneys' Fees
and Expenses and for Class Representative Service Payment**

32.     Class Counsel undertook prosecution of this matter on a contingent basis and incurred expenses in its prosecution.

33.     Class Counsel request an attorneys' fees award in the amount of $1,500,000.00, and for payment of out-of-pocket expenses in the amount of $16,429.48.

34.     Notice of Class Counsel's intention to apply for an attorney fees and expenses award in those amounts was provided to all Settlement Class Members in the Notice of the proposed settlement.

35.     There have been no objections to the requested award of attorney fees and expenses.

36.     The Class Representatives approve and Penn does not oppose Class Counsel's request for attorney fees and expenses.

37.     Class Counsel, at substantial expense and time, conducted a thorough investigation of the facts underlying the plaintiffs' claims; engaged in extensive discovery;

litigated defendant's motion to dismiss the amended complaint, defendant's summary judgment motion, and a motion for class certification; and engaged in extensive settlement negotiations with the assistance of a mediator.

38. The requested counsel fee award in the amount of $1,500,000.00, which is 33.3% of the Settlement Amount, is within the range of 19% to 45% of the settlement fund in similar cases.

39. The requested counsel fee is reasonable.

40. The out-of-pocket expenses incurred were reasonable and necessary.

41. Using the lodestar method as a cross-check on the reasonableness of the requested fees, Class Counsel's lodestar is $1,118,625.80, which reflects 2,032.1 hours of attorney and support staff time.

42. Given the nature of the services provided, Class Counsel's experience in class actions, and the rates of lawyers in the community with similar skills and experience, Class Counsel's hourly rate is reasonable.

43. The number of hours expended by Class Counsel was not excessive or redundant, and the work was properly allocated among attorneys and support staff of different skill and experience levels to reduce costs.

44. Class Counsel's requested award for attorney fees of $1,500,000.00 results in a multiplier of 1.34, which is reasonable.

45. Class Counsel has applied for a $10,000.00 service award to each Class Representative.

46. Class Counsel's intention to apply for a class representative service award was provided to all Settlement Class Members in the notice of the proposed settlement.

47. There have been no objections to the requested service award.

48. The requested service award is reasonable.

## CONCLUSIONS OF LAW

### Final Approval of the Settlement

1. The settlement of a class action requires Court approval after notice to all members of the class. *See* Fed. R. Civ. P. 23(e).

2. The settlement comports with Rules 23(a) and 23(b)(3) in all respects.

3. The nine factors to be considered in assessing the fairness of a class action settlement are: "(1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining a class action through trial; (7) the ability of defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *In re: Google Inc. Cookie Placement Consumer Privacy Litig.*, 934 F.3d 316, 322 & n.2 (3d Cir. 2019) (quoting *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975)).

4. In light of these factors, the settlement is fair, reasonable and adequate.

### Approval of Class Counsel's Request for Award of Attorneys' Fees and Expenses

5. An award for attorneys' fees and expenses in the settlement of a class action requires court approval after notice to all class members in a reasonable manner to all class members. *See* Fed. R. Civ. P. 23(h).

6. Notice of Class Counsel's intention to apply for an award of attorney fees and expenses has been provided to all persons in the class in a reasonable manner and satisfies the requirements of Federal Rule of Civil Procedure 23(h)(1).

7. The court may award "reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).

8. To evaluate what is an appropriate attorneys' fee in a class action, courts generally apply either the lodestar method or the percentage-of-recovery method. *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 279-80 (3d Cir. 2009).

9. Regardless of the method chosen, it is prudent to use a second method to cross-check the initial fee calculation. *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005); *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 821 & n.40 (3d Cir. 1995).

10. In evaluating a counsel fee request using the percentage-of-recovery method, the following factors are considered: (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by Class Counsel; and (7) awards in similar cases. *Halley v. Honeywell Int'l, Inc.*, 861 F.3d 481, 496 (3d Cir. 2017) (citing *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000)). Additionally, "(8) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations, (9) the percentage fee that would have been negotiated had the case been subject to a private

contingent fee arrangement at the time counsel was retained, and (10) any innovative terms of settlement" should be considered. *Halley*, 861 F.3d at 496 (citing *In re Diet Drugs Prod. Liab. Litig.*, 582 F.3d 524, 541 (3d Cir. 2009)).

11. The lodestar method calculates fees by multiplying the number of hours reasonably worked by an appropriate hourly rate based on the given geographical area, the nature of the services provided, and the experience of the attorneys. *Rite Aid*, 396 F.3d at 305. The number of hours expended should not be excessive or redundant, and should be appropriately allocated among attorneys and other staff with the proper skill level to reduce costs. *Hensley v. Eckerhart*, 461 U.S. 433-34 (1983)

12. After determining the lodestar, we calculate the "multiplier" by dividing the proposed fee award by the resulting lodestar.

13. Applying both the percentage-of-recovery and lodestar methods, Class Counsel's request for an award of $1,500,000.00 for attorney fees and 16,429.48 for out-of-pocket expenses is fair and reasonable.

_____
TIMOTHY J. SAVAGE, J.